THE ACQUACKANONK WATER COMPANY, APPELLANT, v. THE WEIDMANN SILK DYEING COMPANY, RESPONDENT.

Argued November 9 and 10, 1922—Decided March 13, 1923.

1. Under the condemnation statute (*Pamph. L.* 1900, *p.* 79, ¶ 6; 2 *Comp. Stat., p.* 2181) an appraisement and an assessment are to be made, "as of the date of the filing of the petition and order."
2. On an appeal from an assessment made by condemnation commissioners, to the Circuit Court, the compensation to be awarded by a jury is limited to the time of filing the petition and order. Interest on the verdict at the lawful rate from the date of filing the petition may be allowed by the trial court, when the condemnors have been in possession of the property condemned and the interest is a mere mechanical process of calculation. *Metler* v. *Eastern, &c., Railroad Co.,* 37 *N. J. L.* 225, distinguished.
3. The alleged trial errors examined in this case and found to be without legal merit.

On appeal from the Passaic Circuit Court.

Before Justices KALISCH, BLACK and KATZENBACH.

For the appellant, *Humphreys & Sumner* and *William B. Gourley.*

For the respondent, *Griggs & Harding.*

The opinion of the court was delivered by

BLACK, J. The record in these cases contains the proceedings—(1) the city of Jersey City; (2) the city of Newark; (3) the Acquackanonk Water Company to condemn rights of diversion of water from the Passaic river against two riparian owners, namely, the Weidmann Silk Dyeing Company and the National Silk Dyeing Company, six cases. The cases were by consent tried together, before the commissioners and on the appeal before the court and jury at the Passaic Circuit Court. The proceedings were brought in consequence of an injunction granted by the Chancellor in the case of *Weidmann Silk*

*Dyeing Co.* v. *East Jersey Water Co.,* 88 *N. J. Eq.* 397; *affirmed,* 89 *Id.* 541; *Id.* 578; *Id.* 579.

The appellants file nine grounds of appeal from the verdict of the jury, which are discussed under seven heads in the brief. The seventh is alleged error in allowing and calculating interest by the court on the verdicts from the time of filing the petitions. The charge to the jury limited the compensation to be awarded by the jury to the time the petitions were filed.

The statute (*Pamph. L.* 1900, *p.* 79, ¶ 6; 2 *Comp. Stat., p.* 2184) provides "an assessment of the amount to· be paid by the petitioner," &c., is "as of the date of the filing of the petition and order thereon."

Judge Silzer, the trial judge, allowed and calculated interest at the lawful rate on the verdicts, from the date of the filing the petitions. The basis of the court's action was founded on the fact that the condemnors have been in possession of the property, *i. e.,* the water, since that time. The award made, and the amount found by the jury as compensation, was the amount due, as of the time of filing the petitions. It was to be paid under the statute as of that time. The interest was a mere mechanical process of calculation. We think the action of the trial court was founded upon a firm basis of reason. It was not error. Interest is by general principles allowed from the time of the appropriation of the property. But it is now urged, under the case of *Metler* v. *Easton, &c., Railroad Co.,* 37 *N. J. L.* 222, the allowance of interest in any given case is a question for the jury and not for the court. See *Kilgus* v. *Wayne Co.,* 85 *Id.* 351. We fail· to see where any right of the appellant has been taken away in this case, as the interest is a mere matter of calculation. Whether it shall be made as a matter of course by the jury instead of by the court seems to be quite immaterial. In either case it would be the same. In the case cited, it was said, the allowance of interest is liable to be controlled by the circumstances of each case. In that case there was, it is true, a separate item for interest in the verdict found by the jury. But· that was for the purpose of permitting the court to de-

termine the equities that existed between the parties. That case is distinguished from the case under discussion on the facts. It was in that case said interest from the date of the commissioner's award to the time of trial, or the coming in of the *postea*, should, as a general rule, be allowed. If the owner has not been disturbed in the possession, and has had a profitable use of the premises, or has received the rents for them pending the appeal, these circumstances should be taken into account and the interest abated accordingly.

The other grounds of appeal all refer to trial errors. An extended discussion of these points is not called for. They are without legal merit. The first is, error in excluding from the jury the diversion of water from the Passaic river, of the Morris Canal and Banking Company and the Passaic Water Company. These companies have prescriptive rights to divert water from the Passaic river. This point was involved, and inferentially decided, at least, by this court, adverse to the appellants in the cases of *Weidmann Silk Dyeing Co.* v. *Jersey City Water Supply Co.*, 91 *Atl. Rep.* 337, 338. This is irrelevant and immaterial.

*Second.* Refusing to charge the jury that the contracts between the defendants, *i. e.*, the dyers and other companies for water supplied necessarily fixed, as against themselves, &c., are the basis upon which the damages are to be recovered. This was some evidence—a question of fact for the jury to consider and so stated in the charge of the trial judge to the jury. This was not error.

*Third.* Refusing to charge the fifteenth request, as modified by the court in reference to the use of artesian well water and then putting it back into the river.

The charge as modified in this respect is sustained by the case of *Society, &c.,* v. *Morris Canal Co.*, 1 *N. J. Eq.* 157, 189. The opinion in that case was by Chancellor Vroom.

*Fourth.* Refusing to charge, except as charged, in reference to polluted water, viz., a public nuisance is committed. This was a question of fact, which it was the duty of the jury to determine under all the circumstances and under all the evidence. The request was properly refused.

*Fifth.* Refusing to charge request No. 51, in reference to the dyers' pipe being subject to the regulation of the board of public utility commissioners as to the quantity of water used therefrom and the price paid. This was charged by the trial judge, in substance, and as favorable to the appellants as they could ask. See volume 4, pages 54, 63 of the charge.

*Sixth.* Refusing to charge request No. 37, in reference to other sources of water supply, to take the place of the water diverted, that at some time in the future the dyeing companies might be cut off from these substituted sources of supply; the jury could not take this into consideration. This is essentially a question of fact. What the reasonable probabilities were was a question for the jury to determine and not for the court. We find no error here.

Finding no error in the record the judgment of the Passaic Circuit Court is affirmed.